J-S37010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARIA TORRE | |
| Appellant | No. 572 EDA 2014 |

Appeal from the Judgment of Sentence January 10, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002587-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 25, 2015**

Appellant, Maria Torre, appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas, following her open guilty plea to aggravated assault.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. In March 2013, Appellant physically abused her paramour's 7-year-old daughter.  Specifically, Appellant burned the victim with a cigarette lighter and broke the victim's arm.  On December 4, 2013, Appellant executed a written guilty plea colloquy.  That same day, the court conducted Appellant's plea hearing.  Appellant entered an open guilty plea to one count of aggravated assault.  The court accepted Appellant's plea, ordered a pre-

_____

[1] 18 Pa.C.S.A. § 2702.

sentence investigation ("PSI") report, and scheduled the matter for sentencing.

With the benefit of a PSI report, the court conducted Appellant's sentencing hearing on January 10, 2014. At the conclusion of the hearing, the court sentenced Appellant to ten (10) to twenty (20) years' imprisonment.[2] On January 17, 2014, Appellant timely filed a post-sentence motion, arguing the court "failed to recognize mitigating factors" and "improperly cited" certain aggravating factors to support the imposition of a statutory maximum sentence. (Motion for Reconsideration of Sentence, filed 1/17/14, at 2). Appellant concluded the sentence "is manifestly unreasonable so as to shock the conscience." (*Id.* at 3). The court denied the post-sentence motion on January 23, 2014.

Appellant timely filed a notice of appeal on February 7, 2014. On February 19, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on March 11, 2014.

Appellant raises one issue for our review:

WHETHER THE [SENTENCING] COURT ABUSED ITS

---

[2] With a prior record score of zero (0) and an offense gravity score of eleven (11), the standard range for Appellant's aggravated assault conviction was thirty-six (36) to fifty-four (54) months. The aggravated range provides for an additional twelve (12) months' imprisonment. The statutory maximum for aggravated assault, graded as a first degree felony, is twenty (20) years' imprisonment. *See* 18 Pa.C.S.A. § 1103(1).

DISCRETION IN IMPOSING A MANIFESTLY EXCESSIVE AND UNREASONABLE SENTENCE WHICH IS AT THE STATUTORY MAXIMUM LIMIT AND IMPOSED WHEN THE COURT FAILED TO CONSIDER ANY SIGNIFICANT MITIGATING FACTORS, FAILED TO APPLY AND REVIEW ALL THE NECESSARY FACTORS AS SET FORTH IN 42 PA.C.S.A. § 9721(b) AND 42 PA.C.S.A. § 9781(c) AND (d) OR OTHERWISE FAILED TO SET FORTH APPROPRIATE REASONS FOR ITS RADICAL DEVIATION FROM THE STANDARD SENTENCING RANGES?

(Appellant's Brief at 7).

On appeal, Appellant asserts her minimum sentence exceeded the aggravated range of the sentencing guidelines. Appellant contends the sentence was unreasonable, because the court refused to consider mitigating factors, such as Appellant's lack of a prior criminal record. Appellant further argues the court provided insufficient reasons for deviating from the guidelines, and the court failed to conduct a fair and balanced review of the evidence presented at the sentencing hearing. Appellant concludes the sentence imposed is manifestly excessive and constitutes too severe a punishment. Appellant's challenge is to the discretionary aspects of her sentence.[3] *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super.

_____

[3] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of…her sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's
*(Footnote Continued Next Page)*

2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in her brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

plea was "open" as to sentencing, so she can challenge the discretionary aspects of her sentence.

- 4 -

in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting ***Commonwealth v. Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13. "A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges raises a 'substantial question' which is reviewable on appeal." ***Commonwealth v. Davis***, 737 A.2d 792, 798 (Pa.Super. 1999). Moreover, an assertion that the sentencing court failed to state sufficient reasons for imposing a sentence outside the sentencing guidelines raises a substantial question. ***Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*).

Here, Appellant's post-sentence motion and Rule 2119(f) statement

properly preserved her claims. Additionally, Appellant's claims appear to raise substantial questions as to the discretionary aspects of her sentence. *See Rodda, supra*; *Davis, supra*.

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting *Rodda, supra* at 214).

"[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, [her] age, personal characteristics and [her] potential for rehabilitation." *Id.*

"When a sentencing court decides to deviate from the guidelines…it must provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." *Commonwealth v. Robertson*, 874 A.2d 1200, 1212 (Pa.Super. 2005). "This requirement is satisfied when the

court states its reasons for the sentence on the record and in the defendant's presence." ***Commonwealth v. Ritchey***, 779 A.2d 1183, 1186 (Pa.Super. 2001). "Nevertheless, a lengthy discourse on the trial court's sentencing philosophy is not required." ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004).

"[U]nder the Sentencing Code an appellate court is to exercise its judgment in reviewing a sentence outside the sentencing guidelines to assess whether the sentencing court imposed a sentence that is 'unreasonable.'" ***Commonwealth v. Walls***, 592 Pa. 557, 568, 926 A.2d 957, 963 (2007). In making this "unreasonableness" inquiry, this Court must consider four factors:

**§ 9781. Appellate review of sentence**

\* \* \*

**(d) Review of record.**—In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d)(1)-(4).

In **Walls, supra**, our Supreme Court explained that "the concept of unreasonableness" is "inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition." **Id.** at 568, 926 A.2d at 963.

> Thus, given its nature, we decline to fashion any concrete rules as to the unreasonableness inquiry for a sentence that falls outside of applicable guidelines under Section 9781…. We are of the view, however, that the Legislature intended that considerations found in Section 9721 inform appellate review for unreasonableness. That is, while a sentence may be found to be unreasonable after review of Section 9781(d)'s four statutory factors, in addition a sentence may also be unreasonable if the appellate court finds that the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing found in Section 9721, *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). **Moreover, even though the unreasonableness inquiry lacks precise boundaries, we are confident that rejection of a sentencing court's imposition of sentence on unreasonableness grounds would occur infrequently, whether the sentence is above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review.**

**Id.** at 568-69, 926 A.2d at 964 (emphasis added).

Instantly, the court had the benefit of a PSI report at sentencing. Therefore, we can trust it considered the relevant factors when sentencing Appellant. **See Tirado, supra** at 368 (stating where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant

information regarding defendant's character and mitigating factors).

Additionally, the court provided its reasons for the sentence imposed:

> Someone who commits such a heinous crime and then comes and says, "The burns inflicted on the child were not that severe," shows an incredible lack of appreciation for her criminality.[4]
>
> I don't even know where to start, except this was not a once-and-done action. This was over a period of time. These were repeated acts of cruelty to a seven-year-old child to whom you owed a duty of care.
>
> To hurt a child in such a way demonstrates a level of cruelty that is haunting.
>
> These are crimes that are committed in private, when no one else is looking, when no one else is there to protect the child. And crimes of silence, because you demanded that [the victim] lie and not tell [others about the abuse]. And the best evidence of her absolute terror of the monster who was supposed to care for her is the fact that she did [not tell others about the abuse].
>
> \*   \*   \*
>
> You're 29 years old. You're educated. You went to three years of college. This is not something borne of ignorance.
>
> In your remarks you said you were most sorry for what you had done to your family and your two boys. You didn't include [the victim] in that. Unimaginable. And not a tear.
>
> \*   \*   \*

---

[4] Earlier in the hearing, the parties discussed Appellant's version of events, as set forth in the PSI report, which included statements minimizing the criminal conduct at issue. (*See* N.T. Sentencing Hearing, 1/10/14, at 15-16.)

> This sentence is beyond the aggravated range as the victim was a seven-year-old girl, and given the relationship of the victim and [Appellant] in that [Appellant] was [effectively] in the role of mother to the child and, therefore, had a special duty of care which she violated.

(*See* N.T. Sentencing Hearing at 17-19.)

Here, the court stated with particularity its reasons for imposing Appellant's sentence. Regarding the "reasonableness" of that sentence, the court considered the nature and circumstances of the offense, recognizing Appellant repeatedly injured a seven-year-old girl. The court took into account Appellant's role as a caregiver to the child, noting Appellant breached her special duty to the victim. The court also observed Appellant, evaluated the PSI, and announced its findings at the time of sentencing. Under these circumstances, the court's upward departure from the sentencing guidelines was not unreasonable pursuant to Section 9781(d). *See Walls, supra*. Based upon the foregoing, we see no reason to disturb the judgment of the sentence. *See Hyland, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/2015

- 10 -